UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| HERBERT L. BOARD, <br> JEROME BOARD, <br> HERBERT "DUKE" BOARD, JR., <br> ROSA BOARD CREECH, and <br> KELLY COMSTOCK, <br><br> Plaintiffs, <br> v. <br><br> KARL FARNHAM, JR., Edgar County <br> Sheriff, in his official and individual <br> capacities, et al., <br><br> Defendants. | Case No. 01-2190 |

# O R D E R

In July 2005, Defendants, Karl Farnham, Jr., Allen Verchota, and Kent Rhoades, filed Defendants' Motion In Limine (#237). Plaintiffs, Jerome Board and Herbert "Duke" Board, Jr., filed Plaintiffs' Response to Defendants' Motion in Limine (#239). The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion In Limine **(#237)**.

## I. Background

In August 2000, Plaintiffs were arrested for two murders and transported to the Edgar County Jail. (#37, ¶¶ 24, 29.) While they were awaiting trial, Plaintiffs were housed in the jail for approximately 126 days. (#37, ¶ 30.) In their Second Amended Complaint, Plaintiffs allege that mold and dust in the jail's heat ducts caused the jail to have poor ventilation and air quality, which in turn caused Plaintiffs to have trouble breathing and to suffer from nosebleeds. (#37, ¶ 87(c).) Plaintiffs also allege that the poor ventilation worsened Plaintiff Duke Board's asthma condition. (#37, ¶ 87(c).) Plaintiffs allege that Defendant Farnham denied them access to toothpaste, which caused Plaintiffs to suffer from dental problems. (#37, ¶¶ 75(e), 87(l), 101(e).) In addition, Plaintiff Duke Board alleges that Defendants Verchota and Rhoades sometimes denied him access to his inhaler when he felt that he needed it to treat his chronic asthma. (#37, ¶¶ 114(c), 181-84.)

In August 2001, Plaintiffs filed suit against Defendants Farnham, Verchota, and Rhoades, as well as other defendants who were previously dismissed from the case. Plaintiffs seek redress for violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. After the Court's June 2003 ruling on Defendants' motions for summary judgment (#174), the following claims remain: (1) Count VI (¶ 75(e)), against Defendant Farnham, alleges illegal infliction of punishment to pretrial detainees; (2) Count VII (¶¶ 87(c, l)), against Defendant Farnham, alleges failure to provide humane conditions of confinement; (3) Count VIII (¶ 101(e)), against Defendant Farnham, alleges failure to provide humane treatment during confinement; (4) Count IX (¶ 114(c)), against Defendants Verchota and Rhoades, alleges deliberate indifference to serious medical conditions during confinement; and (5) Count XV (¶¶ 181-84), against Defendants Verchota and Rhoades, alleges intentional infliction of emotional distress.

## II. Analysis

### (1) Incidents Occurring During Plaintiffs' Arrest

Defendants move to exclude evidence regarding the circumstances surrounding Plaintiffs' arrests and any alleged improprieties that occurred during the arrests. Plaintiffs do not contest this part of the motion. Therefore, the Court grants part one of Defendants' motion.

### (2) Incidents Involving the Search of Herbert Board, Sr.'s Property

Defendants also move to exclude evidence regarding the circumstances of the search of Herbert Board, Sr.'s property. Plaintiffs do not contest this part of the motion. Therefore, the Court grants part two of Defendants' motion.

### (3) Plaintiffs' Acquittals

Defendants move to exclude evidence of Plaintiffs' acquittals for the charges relating to their incarceration in Edgar County Jail at the time in question. Defendants argue that Plaintiffs' claims focus on the alleged conditions of their confinement while awaiting trial, and their subsequent acquittal is irrelevant. Furthermore, Defendants contend that the standards for proper treatment of a person in custody are the same whether he is awaiting trial or has been convicted.

Finally, Defendants argue that any probative value of the acquittal is outweighed by its prejudice because a jury may determine that Plaintiffs deserve compensation for spending four months in jail before trial regardless of the conditions of Plaintiffs' confinement.

Plaintiffs argue that their acquittals are relevant to this case. First, Plaintiffs argue that the standards for prisoners and pretrial detainees differ. Second, Plaintiffs argue that admission of the acquittals will not prejudice Defendants. On the other hand, if such evidence is barred, *Plaintiffs* would suffer prejudice because the jury may speculate that Plaintiffs were convicted.

The fact that Plaintiffs were acquitted is not relevant and, as a result, it is inadmissible. Therefore, the Court grants the third part of Defendants' motion.

*(4)  Claims Regarding the Conditions of Confinement
on which the Court Granted Summary Judgment*

Defendants further move to exclude evidence regarding Plaintiffs' allegations of deprivations at the Edgar County Jail on which the Court has previously granted summary judgment, including: (1) the jail had plumbing problems that exposed Plaintiffs to flooding and sewage; (2) Plaintiffs were fed nutritionally inadequate food; (3) Plaintiffs were exposed to insects and vermin and suffered bug bites; (4) Plaintiffs were deprived of recreation and exercise; (5) Plaintiffs were deprived of physical hygiene needs (other than toothpaste); (6) Plaintiffs were deprived of clothing and blankets; (7) Plaintiff Duke Board was fed an adulterated donut for breakfast that caused him to hallucinate; and (8) Plaintiffs' medical needs (other than Duke Board's need for his inhaler), including back pain, a kidney infection, bug bites, diarrhea, nose bleeds, and other ailments, were not treated. Defendants argue that these allegations are irrelevant and inadmissible under FED. R. EVID. 403.

Plaintiffs contend that evidence regarding the conditions of their confinement are relevant to the background of their incarceration, as well as to the way that Plaintiffs felt while incarcerated.

The Court has already granted summary judgment to Defendants on the aforementioned claims of deprivation, other than the alleged deprivation of toothpaste, the alleged deprivation of Plaintiff Duke Board's inhaler, and poor ventilation in the jail. As a result, these allegations are irrelevant to the current issues before the Court and would unduly prejudice Defendants if allowed into evidence. *See* FED. R. EVID. 402 ("Evidence which is not relevant is not admissible."); FED. R. EVID. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."). Therefore, the Court grants the fourth part of Defendants' motion.

### *(5) Defendants' Tampering with Plaintiffs' Mail*

Defendants move to exclude evidence regarding any tampering with Plaintiffs' mail. Plaintiffs do not contest this part of the motion. Therefore, the Court grants the fifth part of Defendants' motion.

### *(6) Deprivation of Access to Counsel*

Defendants also move to exclude evidence regarding Plaintiffs' deprivation of access to counsel. Plaintiffs do not contest this part of the motion. Therefore, the Court grants the sixth part of Defendants' motion.

### *(7) Alleged Harassment of Plaintiffs' Family or Friends*

Defendants move to exclude any evidence of harassment by law enforcement officers of any of Plaintiffs' friends or family. Plaintiffs do not contest this part of the motion. Therefore, the Court grants the seventh part of Defendants' motion.

### *(8) Damage to Plaintiffs' Teeth As a Result of Deprivation of Toothpaste*

Defendants also move to exclude any evidence or inference that Plaintiff Duke Board's teeth were extracted or that any dental condition resulted from a deprivation of toothpaste. Defendants point to the fact that Plaintiffs have not disclosed an expert witness to establish that any tooth decay or other dental condition resulted from a lack of toothpaste at the jail.

Plaintiffs argue that evidence regarding the condition of Plaintiffs' teeth is relevant to the issues of the case and admissible because Plaintiffs can testify as to the conditions of their bodies without an expert witness. Plaintiffs contend that they can testify as to their subjective perceptions and opinions of their medical conditions. Plaintiffs point to cases within the Seventh Circuit in which a lay person has been allowed to testify regarding his subjective physical condition and his opinions about causation.

A lay person's testimony in the form of opinions or inferences is admissible if it is "(a) rationally based on the perception of a witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." FED. R. EVID. 701. The Seventh Circuit has held that "[a] witness need not be a doctor to discuss his or her health in general terms," but testimony regarding a person's ailments in detail or the causation of any medical condition requires a medical expert. *See Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998). Courts within the Seventh Circuit have held that a witness can testify as to his or her "subjective symptoms, including, but not limited to, pain . . . ." *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003). In the same case, the court held that the witness could *not* testify about "any medical conditions, causation, diagnoses or prognoses" that would require medical expertise because no expert witness had been disclosed. *Id.*

Based on the case law from the Seventh Circuit and the Federal Rules of Evidence, the Court concludes that Plaintiffs may testify as to the general conditions of their teeth and any pain or symptoms they experienced during or after their incarceration that are related to the issues of this case, including the facts of any extractions. However, Plaintiffs cannot testify about (1) any technical or specialized information regarding their dental conditions, or (2) their opinions on the relationship between their treatment at the jail and their dental problems. Therefore, the Court grants in part and denies in part the eighth part of Defendants' motion.

*(9)  Other Injuries Resulting from Alleged Conditions of Confinement*

Defendants move to exclude any evidence regarding Plaintiffs' lung or respiratory problems as a result of poor ventilation or a deprivation of an inhaler because Plaintiffs have not introduced a medical expert witness to testify to such injury.

Plaintiffs argue that evidence regarding Plaintiffs' lung or respiratory problems is relevant to the issues of this case and admissible because Plaintiffs can testify as to the conditions of their bodies without an expert witness.

As explained above, Plaintiffs can testify as to their general state of health and any physical symptoms they experienced during or after their time of incarceration that relate to the issues of this case.  Because Plaintiffs have not introduced an expert witness, Plaintiffs may not present technical or specialized information about their medical condition or about any specialized medical information.  In addition, Plaintiffs may not testify as to their opinions regarding the relationship between any of their injuries and the conditions at the jail.  Therefore, the Court grants in part and denies in part the ninth part of Defendants' motion.

*(10)  Defendants' Appeal*

Finally, Defendants move to exclude any evidence about Defendants' interlocutory appeal on the issue of qualified immunity.  Plaintiffs do not contest this part of the motion. Therefore, the Court grants part ten of Plaintiffs' motion.

### III.  Summary

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion In Limine **(#237)**.

ENTER this 2nd day of February, 2006.

                                        s/ DAVID G. BERNTHAL
                                        U.S. MAGISTRATE JUDGE