UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| HERBERT L. BOARD,<br>JEROME BOARD,<br>HERBERT "DUKE" BOARD, JR.,<br>ROSA BOARD CREECH, and<br>KELLY COMSTOCK,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>KARL FARNHAM, JR., Edgar County<br>Sheriff, in his official and individual<br>capacities, et al.,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 01-2190<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# O R D E R

　　In July 2005, Plaintiffs, Jerome Board and Herbert "Duke" Board, Jr., filed sixteen Motions In Limine (#221-36). Defendants, Karl Farnham, Jr., Allen Verchota, and Kent Rhoades, filed Defendants' Response to Plaintiffs' Motions In Limine (#238).

　　After reviewing the motions and responses, the Court **GRANTS** Plaintiffs' second motion (arson) **(#222)**, third motion (fires) **(#223)**, fourth motion (murder investigation) **(#224)**, fifth motion (Plaintiffs' indictments) **(#225)**, sixth motion (search warrant) **(#226)**, eighth motion (video tape) **(#228)**, ninth motion (prior relationship) **(#229)**, tenth motion (divorce) **(#230)**, twelfth motion (expert witness) **(#232)**, and sixteenth motion (other defendants) **(#236)**. In addition, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' first motion (bad acts) **(#221)** and seventh motion (extrinsic bad facts) **(#227)**, and **DENIES** Plaintiffs' eleventh motion (jailer's log) **(#231)**, thirteenth motion (smoking) **(#233)**, fourteenth motion (vents not ducts) **(#234)**, and fifteenth motion (Rosa Board's conviction) **(#235)**.

## I. Background

　　In August 2000, Plaintiffs were arrested for two murders and transported to the Edgar County Jail. (#37, ¶¶ 24, 29.) While they were awaiting trial, Plaintiffs were housed in the jail for approximately 126 days. (#37, ¶ 30.) In their Second Amended Complaint (#37), Plaintiffs

allege that Defendant Farnham denied them access to toothpaste, which caused Plaintiffs to suffer from dental problems. (#37, ¶¶ 75(e), 87(l), 101(e).) Plaintiffs allege that mold and dust in the jail's heat ducts caused the jail to have poor ventilation and air quality, which in turn caused Plaintiffs to have trouble breathing and to suffer from nosebleeds. (#37, ¶ 87(c).) Plaintiffs also allege that the poor ventilation worsened Plaintiff Duke Board's asthma condition. (#37, ¶ 87(c).) In addition, Plaintiff Duke Board alleges that Defendants Verchota and Rhoades sometimes denied him access to his inhaler when he felt that he needed it to treat his chronic asthma. (#37, ¶¶ 114(c), 181-84.)

In August 2001, Plaintiffs filed suit against Defendants Franham, Verchota, and Rhoades, as well as other defendants who have since been dismissed from the case. Plaintiffs seek redress for violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. After the Court's June 2003 ruling on Defendants' motions for summary judgment (#174), the following claims remain: (1) Count VI (¶ 75(e)), against Defendant Farnham, alleges illegal infliction of punishment to pretrial detainees; (2) Count VII (¶¶ 87 (c, l)), against Defendant Farnham, alleges failure to provide humane conditions of confinement; (3) Count VIII (¶ 101(e)), against Defendant Farnham, alleges failure to provide humane treatment during confinement; (4) Count IX (¶ 114 (c)), against Defendants Verchota and Rhoades, alleges deliberate indifference to serious medical conditions during confinement; and (5) Count XV (¶¶ 181-84), against Defendants Verchota and Rhoades, alleges intentional infliction of emotional distress.

## II. Analysis

### (1) Plaintiffs' First Motion in Limine - Bad Acts (#221)

In Plaintiffs' first motion in limine, Plaintiffs ask the Court to exclude testimony and evidence of "any and all traffic tickets, police investigations, police encounters, criminal convictions, incarcerations, criminal charges, and other bad acts done or allegedly done by any party or witness." First, Plaintiffs contend that this evidence is inadmissible under FED. R. EVID. 404(b) because its only possible purpose would be to show Plaintiffs' characters or propensities to do bad acts. Second, Plaintiffs contend that the proposed evidence is irrelevant under

FED. R. EVID. 401 and inadmissible under FED. R. EVID. 402 because introduction of the evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Third, Plaintiffs contend that the Court should exclude the proposed evidence pursuant to FED. R. EVID. 403 because, even if it is relevant, the danger of unfair prejudice outweighs its probative value.

Defendants argue that the Court should deny Plaintiffs' first motion because: (1) Plaintiffs do not identify the prior bad acts that they refer to in their motion; (2) evidence regarding Plaintiffs' possible prior convictions is admissible under FED. R. EVID. 609 to attack Plaintiffs' credibility; and (3) prior bad act evidence may be admissible under FED. R. EVID. 404(b). Defendants do not contest Plaintiffs' motion regarding bad acts introduced solely for the purpose of prejudicing Plaintiffs before the jury.

Character evidence is not generally admissible for the purpose of proving a particular action (FED. R. EVID. 404(a)), and evidence of other crimes, wrongs, or acts is inadmissible "in order to show action in conformity therewith" (FED. R. EVID. 404(b)). The Seventh Circuit has held that FED. R. EVID. 404(b) "is designed to address a particular evidentiary problem, guarding against the presentation of prior acts *solely* to prove bad character, because a long history of experience has consistently shown that this type of evidence is of negligible value, inflicting more unfair prejudice than revealing helpful truths." *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002). Nevertheless, character evidence regarding a witness's criminal history or bad acts is sometimes admissible. In the Seventh Circuit, "[t]he admission of prior bad acts evidence must be evaluated on a case-by-case basis." *United States v. Curtis*, 280 F.3d 798, 802 (7th Cir. 2002). A party may present evidence for the purpose of attacking a witness's credibility if the witness has been convicted of a crime that was punishable by death or imprisonment in excess of one year so long as the probative value of admitting the evidence outweighs its prejudicial effect or if the crime was one of dishonesty. FED. R. EVID. 609(a). The Seventh Circuit has repeatedly stated that a witness who chooses to testify puts his credibility at

issue. *See United States v. Akram,* 152 F.3d 698, 701 (7th Cir. 1998); *see, e.g., United States v. Smith*, 80 F.3d 1188, 1193 (7th Cir. 1996).

In this case, any evidence regarding a witness's or party's prior traffic tickets or police investigations is irrelevant and inadmissible because it does not relate to the issues of the case and would be prejudicial to the witness or party. Additionally, the Court agrees with Plaintiffs that prior police encounters, incarcerations, and criminal charges of Plaintiffs or other witnesses are irrelevant and would give rise to prejudice without providing probative value. However, because the central issue of this case arose out of Plaintiffs' stay at the Edgar County Jail while Plaintiffs were awaiting trial, encounters between jail security personnel and witnesses and incarcerations of Plaintiffs or other witnesses may be relevant and admissible so long as this evidence relates to Plaintiffs' allegations about the jail conditions during the time at issue. In addition, according to FED. R. EVID. 609, the criminal convictions of Plaintiffs or other witnesses may be admissible to attack the credibility of any witness. Finally, the Court denies Plaintiffs' request to bar evidence of "other bad acts done or allegedly done by any party or witness" because the request is too vague. Therefore, the Court grants Plaintiffs' first motion in part and denies it in part.

*(2)  Plaintiffs' Second Motion in Limine - Arson (#222)*

In Plaintiffs' second motion in limine, Plaintiffs move to exclude any evidence that they committed or were investigated for arson of properties they owned. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' second motion.

*(3)  Plaintiffs' Third Motion in Limine - Fires (#223)*

In Plaintiffs' third motion in limine, Plaintiffs move to exclude evidence that suspicious fires occurred on Plaintiffs' properties. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' third motion.

### (4)  *Plaintiffs' Fourth Motion in Limine - Murder Investigation (#224)*

In Plaintiffs' fourth motion in limine, Plaintiffs move to exclude evidence of the murder investigation that preceded their arrest and incarceration.  Defendants do not contest this motion.  Therefore, the Court grants Plaintiffs' fourth motion.

### (5)  *Plaintiffs' Fifth Motion in Limine - Plaintiffs' Indictment (#225)*

In Plaintiffs' fifth motion in limine, Plaintiffs move to exclude evidence of the murder indictment which resulted in their incarceration at the Edgar County Jail awaiting trial.  Defendants do not contest this motion.  Therefore, the Court grants Plaintiffs' fifth motion.

### (6)  *Plaintiffs' Sixth Motion in Limine - Search Warrant (#226)*

In Plaintiffs' sixth motion in limine, Plaintiffs move to exclude the search warrant that was executed at the farm of Herbert Board, Sr., and all affidavits and facts leading to the issuance of the search warrant.  Defendants do not contest this motion.  Therefore, the Court grants Plaintiffs' sixth motion.

### (7)  *Plaintiffs' Seventh Motion in Limine - Extrinsic Bad Facts (#227)*

In Plaintiffs' seventh motion in limine, Plaintiffs ask the Court to bar the use of evidence and testimony as to "certain extrinsic bad facts," namely any reference to Plaintiffs' "affiliation with motorcycle gangs, strip clubs and the use or sale of controlled substances . . . ."  First, Plaintiffs argue that this evidence is inadmissible under FED. R. EVID. 404(b) because its only possible purpose is to attempt to show Plaintiffs' characters or propensity to do bad acts.  Second, Plaintiffs contend that the proposed evidence is irrelevant under FED. R. EVID. 401 and inadmissible under FED. R. EVID. 402 because introduction of the evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Third, Plaintiffs argue that the proposed evidence should be excluded under FED. R. EVID. 403 because, even if it is relevant, the danger of unfair prejudice outweighs its probative value.

Defendants do not contest Plaintiffs' motion on the identified items of strip clubs and motorcycle gangs unless Plaintiffs introduce evidence or make an argument that makes such evidence relevant; however, Defendants argue that "extrinsic bad facts" is too vague a concept for Defendants to either agree to or contest.

Evidence regarding Plaintiffs' affiliation with motorcycle gangs or strip clubs, or the sale or use of controlled substances, is irrelevant to the issues of the case and inadmissible under FED. R. EVID. 402. However, at this time, the Court cannot determine the admissibility of other undescribed "extrinsic bad facts" regarding Plaintiffs. Therefore, the Court grants in part and denies in part Plaintiffs' seventh motion.

*(8)  Plaintiffs' Eighth Motion in Limine - Video Tape (#228)*

In Plaintiffs' eighth motion in limine, Plaintiffs move to exclude the videotape of their arrest taken from the squad car of an officer participating in the arrest. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' eighth motion.

*(9)  Plaintiffs' Ninth Motion in Limine - Prior Relationship (#229)*

In Plaintiffs' ninth motion in limine, Plaintiffs move to exclude any evidence that they had a relationship with the victims of the murder for which Plaintiffs were indicted. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' ninth motion.

*(10)  Plaintiffs' Tenth Motion in Limine - Divorce (#230)*

In Plaintiffs' tenth motion in limine, Plaintiffs move to exclude evidence and testimony that Plaintiffs or any witness has been divorced. First, Plaintiffs argue that this evidence is inadmissible under FED. R. EVID. 404(b) because its only possible purpose is to attempt to show Plaintiffs' characters or propensity to do bad acts. Second, Plaintiffs contend that the proposed evidence is irrelevant under FED. R. EVID. 401 and inadmissible under FED. R. EVID. 402 because introduction of the evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Third, Plaintiffs argue that the proposed evidence should be excluded under FED.
6

R. EVID. 403 because, even if it is relevant, the danger of unfair prejudice outweighs its probative value.

Defendants do not contest Plaintiffs' motion so long as Plaintiffs do not introduce evidence that would make divorce relevant. For example, if either Plaintiff attempts to show that his family life was disrupted as a result of the conditions at the jail or that divorce was somehow relevant to a witness's bias or interest, then Defendants argue that divorce would be relevant and admissible.

The Court concludes that evidence regarding the divorce of any witness or either Plaintiff is irrelevant to the issues of the case and inadmissible under FED. R. EVID. 404(b). Therefore, the Court grants Plaintiffs' tenth motion.

*(11)  Plaintiffs' Eleventh Motion in Limine - Jailer's Log (#231)*

In Plaintiffs' eleventh motion in limine, Plaintiffs move to exclude the "jailer's log" because Defendants have not shown the log's reliability as a record kept in the regular course of its business. Plaintiffs argue that the jailer's log, a series of typewritten charts, was prepared for this litigation, and nothing indicates that it was a business record kept in the regular course of business by the Edgar County Sheriff's Department. Plaintiffs point to the facts that the log refers to Plaintiffs by first name and does not include names of other inmates or signatures of correctional officers who purportedly provided the services documented in the log. Plaintiffs also argue that the log lacks foundation and cannot be supported by a qualified witness. The log was accompanied by an affidavit of Timothy Crippes, the current sheriff of Edgar County, who has stated that the log was a record of regularly coordinated activity of the Edgar County Sheriff's Department during the times in question. Plaintiffs contend that Sheriff Crippes cannot truthfully testify as to the log because he was not county sheriff during the time that Plaintiffs were incarcerated at the jail.

Defendants argue that the jailer's log is relevant and admissible as a "Record of Regularly Conducted Activity" under FED. R. EVID. 803(6) because, as current Edgar County

Sheriff, Crippes is a custodian of the record and can establish the log's foundation. Defendants contend that Crippes is a "qualified witness" to establish foundation because he has knowledge of the record and the procedures that produced it. In addition, Defendants state that Defendants Farnham, Rhoades, or Verchota could identify the document and establish the foundation for admissibility.

The trial court has discretion to determine whether a party has adequately established foundation for the business records exception to hearsay and whether the circumstances of the document's preparation indicate trustworthiness. *United States v. Franco*, 874 F.2d 1136, 1139 (7th Cir. 1989). According to the Seventh Circuit, "[a] qualified witness is not required . . . to have personally participated in or observed the creation of the document . . . or know who actually recorded the information." *Id.* (quotations omitted). Rather, the witness must "understand[] the procedure governing the creation and maintenance of the type of record sought to be admitted." *Jones v. R. R. Donnelley & Sons Co.*, No. 96 C 7717, 1999 WL 33257839, at *2 (N.D. Ill. Feb. 11, 1999); *see also United States v. Muhammad,* 928 F.2d 1461, 1468-69 (7th Cir. 1991).

The jailer's log may be admissible as an exception to hearsay under FED. R. EVID. 803(6) because it is reported to be a record of the events occurring at Edgar County Jail during Plaintiffs' incarceration. As current custodian of the log, Sheriff Crippes can testify regarding the foundation for the document even though he did not participate in the creation of this particular log because he has personal knowledge of the procedures governing the creation and maintenance of jailer's logs in general at the Edgar County Jail. Therefore, at this time, the Court denies Plaintiffs' eleventh motion.

### (12)  Plaintiffs' Twelfth Motion in Limine - Expert Witness (#232)

In Plaintiffs' twelfth motion in limine, Plaintiffs move to bar any expert witness whom Defendants failed to disclose during discovery. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' twelfth motion.

*(13)  Plaintiffs' Thirteenth Motion in Limine - Smoking (#233)*

In Plaintiffs' thirteenth motion in limine, Plaintiffs move to exclude any testimony or evidence that Plaintiff Duke Board smoked cigarettes while incarcerated at the Edgar County Jail or that his smoking aggravated his condition of asthma.  Plaintiffs argue that Defendants have failed to identify any expert witness who would testify as to any causal relationship between Duke's smoking cigarettes and his asthma condition during the relevant time period, and the inference that a causal connection exists is inadmissible without the testimony of a qualified expert witness.

Defendants contend that Plaintiffs' habit of smoking is relevant and admissible to rebut any of Plaintiffs' claims that the ventilation in the jail contributed to Duke's asthma if Plaintiffs are allowed to introduce evidence concerning the alleged causal relationship between the jail's ventilation and Duke's worsening asthmatic condition without a qualified expert witness.

Evidence of Plaintiffs' smoking may be admissible and relevant to Plaintiffs' claims that ventilation in the jail contributed to Duke's asthma.  Defendants cannot present evidence as to any causal relationship between smoking and asthma because they have not identified an expert witness to testify on the topic; however, the fact that one or both of Plaintiffs smoked is a relevant fact from which the jury can independently draw inferences.  Therefore, the Court denies Plaintiffs' thirteenth motion.

*(14)  Plaintiffs' Fourteenth Motion in Limine - Vents Not Ducts (#234)*

In Plaintiffs' fourteenth motion in limine, Plaintiffs move to bar Defendants from introducing testimony regarding cleaning of the "ducts" at the Edgar County Jail, rather than referring to the cleaning of the "vent covers."  Plaintiffs argue that "ducts" and "vent covers" are not synonymous and that no evidence has been produced to show that the "ducts" were ever cleaned, but only that the "vent covers" were allegedly cleaned.  Plaintiffs argue that referring to "ducts," rather than "vent covers," would mislead and confuse the jury and would be in contravention of the evidence produced.

Defendants argue that any maintenance Defendants did or failed to do on the ventilation system is relevant to the questions of whether the jail conditions were inhumane, proximate cause, and deliberate indifference.  Defendants contend that barring evidence regarding maintenance of the system would deprive them of a defense in this case.

The conditions at the Edgar County Jail, specifically the breathing conditions and ventilation, constitute one of the main facts in dispute in this case.  While Plaintiffs are free to introduce evidence that the ducts in the jail were not cleaned, and to distinguish between vent covers and ducts, the Court will not bar Defendants from presenting evidence that the ducts were cleaned.  Therefore, the Court denies Plaintiffs' fourteenth motion.

*(15)  Plaintiffs' Fifteenth Motion in Limine - Rosa Board's Conviction (#235)*

In Plaintiffs' fifteenth motion in limine, Plaintiffs move to bar evidence regarding Rosa Board's arrest, incarceration, and federal conviction that occurred while the appeal in this case was pending.  Plaintiffs state that they will not call Ms. Board as a witness and argue that evidence of her conviction is inadmissible under FED. R. EVID. 404(b) because its only possible purpose would be to discredit Plaintiffs.  Plaintiffs also contend that the proposed evidence is irrelevant under FED. R. EVID. 401 and inadmissible under FED. R. EVID. 402 because introduction of the evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Finally, Plaintiffs argue that evidence of the conviction should be excluded under FED. R. EVID. 403 because, even if it is relevant, the danger of unfair prejudice outweighs its probative  value, and it would confuse the issues and mislead the jury.

Defendants state that they do not intend to introduce evidence of Ms. Board's conviction unless she testifies on behalf of Plaintiffs.  If Ms. Board testifies, Defendants argue that the evidence is admissible under FED. R. EVID. 609.

According to FED. R. EVID. 609(a), evidence of a witness's prior conviction may be admissible to attack a witness's credibility.  Therefore, if Ms. Board testifies as a witness in this

10

case, evidence about her prior convictions may be admissible. However, if Ms. Board does not testify in this case, her arrest, incarceration, and federal conviction are inadmissible under FED. R. EVID. 402 and 403 because the information is irrelevant and any probative value of the evidence may be outweighed by the danger of unfair prejudice or confusion of the issues. Because the Court does not know at this time whether Ms. Board will testify at trial, the Court denies Plaintiffs' fifteenth motion.

*(16) Plaintiffs' Sixteenth Motion in Limine - Other Defendants (#236)*

In Plaintiffs' sixteenth motion in limine, Plaintiffs move to exclude evidence that other defendants were named in the case. Defendants do not contest this motion. Therefore, the Court grants Plaintiffs' sixteenth motion.

### III. Summary

The Court **GRANTS** Plaintiffs' second motion (arson) **(#222)**, third motion (fires) **(#223)**, fourth motion (murder investigation) **(#224)**, fifth motion (Plaintiffs' indictment) **(#225)**, sixth motion (search warrant) **(#226)**, eighth motion (video tape) **(#228)**, ninth motion (prior relationship) **(#229)**, tenth motion (divorce) **(#230)**, twelfth motion (expert witness) **(#232)**, and sixteenth motion (other defendants) **(#236)**. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' first motion (bad acts) **(#221)** and seventh motion (extrinsic bad facts) **(#227)**, and **DENIES** Plaintiffs' eleventh motion (jailer's log) **(#231)**, thirteenth motion (smoking) **(#233)**, fourteenth motion (vents not ducts) **(#234)**, and fifteenth motion (Rosa Board's conviction) **(#235)**.

ENTER this 2nd day of February, 2006.

                                                       s/ DAVID G. BERNTHAL
                                                       U.S. MAGISTRATE JUDGE